UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**
AUG 26 2009
Clerk, U.S. District and Bankruptcy Courts

EUGENE J. CUNNINGHAM,           )
                                )
        Petitioner,              )
                                )
v.                              )   Civil Action No. **09 1623**
                                )
DISTRICT OF COLUMBIA,           )
                                )
        Respondent.              )

## MEMORANDUM OPINION

This matter is before the Court on Mr. Eugene Cunningham's petition for a writ of habeas corpus. The petition will be denied.

Petitioner alleges that the sentence imposed by the Superior Court of the District of Columbia upon his conviction for armed robbery and two counts of first degree murder under the District's felony murder statute. Pet. at 6; *see Cunningham v. United States*, No. 05-1200 (PLF), 2005 WL 1903374, at *1 (D.D.C. July 19, 2005), *aff'd*, 207 Fed.Appx. 5 (D.C.Cir. Nov 27, 2006), *cert. denied*, 549 U.S. 1326 (2007). According to petitioner, the District of Columbia Court of Appeals' ruling in *Wilson-Bey v. United States*, 903 A.2d 818 (D.C. 2006) (en banc), renders his conviction and sentence invalid. *See* Pet. at 6-9. He demands that "the portion of [his] sentence of aiding and abetting first degree murder . . . be set aside or vacated," or that he be granted a new trial. *Id.* at 27.

Challenges of this nature must be brought by motion in the Superior Court under D.C. Code § 23-110. In relevant part, D.C. Code § 23-110 provides:

> A prisoner in custody under sentence of the Superior Court claiming the right to be released upon the ground that (1) the sentence was imposed in violation of the Constitution of the United States or the laws of the District of Columbia, (2) the court was without jurisdiction to impose the sentence, (3) the sentence was in excess of the maximum authorized by law, (4) the sentence is otherwise subject to collateral attack, may move the court to vacate, set aside, or correct the sentence.

D.C. Code § 23-110(a). A federal district court shall not entertain such a petition "unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." D.C. Code § 23-110(g). "Section 23-110 has been found to be adequate and effective because it is coextensive with habeas corpus," *Saleh v. Braxton*, 788 F. Supp. 1232 (D.D.C. 1992), and "a District of Columbia prisoner has no recourse to a federal judicial forum unless the local remedy is 'inadequate or ineffective to test the legality of his detention'" *Byrd v. Henderson*, 119 F.3d 34, 36-37 (D.C. Cir. 1997) (internal footnote omitted); *Garris v. Lindsay*, 794 F.2d 722, 726 (D.C. Cir.), *cert. denied*, 479 U.S. 993 (1986). A prisoner's lack of success in his previous attempts to collaterally attack his conviction and sentence by means of a motion under D.C. Code § 23-110(g) does not render this remedy inadequate or ineffective. *See Wilson v. Office of the Chairperson*, 892 F. Supp. 277, 280 (D.D.C. 1995). An Order consistent with this Memorandum Opinion will be issued separately.

/s/ _____
United States District Judge

Date: 8/21/09